

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-43,179-03

**Ex parte SHELDON MOSLEY, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 95-CR-3738-A IN THE 28TH DISTRICT COURT FROM NUECES COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER, HERVEY and ALCALA, JJ., joined.

It is clear that the evidence in this case does not establish "actual innocence" as we have defined that concept in our caselaw, but it does raise the possibility that applicant suffered a due-process violation as a result of false testimony. I would remand for additional evidence and findings on whether the complainant gave false testimony, and if so, whether that testimony materially and harmfully affected the outcome of the case.

To grant relief on a bare claim of actual innocence, a court must conclude by "clear and convincing evidence that no reasonable juror would have convicted the applicant in light of the new evidence."[1] To determine whether this actual-innocence standard is met, "the convicting court

---

[1] *Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002).

weighs the evidence of the applicant's guilt against the new evidence of innocence."[2]

The inculpatory evidence at trial included, not only the complainant's testimony, but also: (1) physical evidence of an abrasion on the complainant's hymen, (2) opinion testimony by the examining physician that the complainant had been sexually assaulted, (3) testimony by the treating psychologist that the child acted the way sexually abused children act, (4) testimony that the complainant appeared to be telling the truth and did not appear to be coached, (5) testimony that the child accurately depicted sex acts and identified applicant as the perpetrator through "doll-play," and (6) outcry testimony from the step-grandmother. Even if the complainant's recantation testimony at the habeas hearing negated the testimony she gave at trial, it does not directly negate this other evidence.[3]

Applicant has presented testimony from the complainant that her step-grandmother manipulated her into making the allegations against applicant and coached her in various ways to make those allegations seem credible. But the step-grandmother is no longer alive and, therefore, cannot be questioned about whether she manipulated the complainant as the complainant now claims.[4] And none of applicant's evidence, at trial or on habeas, persuasively points to an alternate perpetrator, so the issue is not the identity of any perpetrator but whether the complainant was sexually assaulted at all. Pointedly, the complainant's recantation does not explain the abrasion to

---

[2] *Id.*

[3] Moreover, it is not uncommon for victims who make allegations against family members to recant; when they do it is not unusual for the State to proceed to prosecution anyway.

[4] In *Ex parte Elizondo*, the father who was alleged to have manipulated the complainant into making false allegations was around to testify and denied any impropriety. 947 S.W.2d 202, 210 (Tex. Crim. App. 1996). The habeas court had the opportunity to view this testimony. *Id.*

her hymen, the expert testimony about that abrasion, or the examining physician's opinion that the complainant was sexually assaulted, which was some evidence that the complainant was sexually assaulted. Unlike in *Elizondo*, where there was a "complete lack of any other inculpatory evidence in the case, direct or circumstantial,"[5] there was physical evidence and expert testimony that the complainant had in fact been sexually assaulted. Because of this, her recantation does not preclude a rational jury from believing that applicant committed the sexual assault. Even with the recantation, a rational jury could believe from the evidence outlined above that she was sexually assaulted and that applicant was the perpetrator. The recantation testimony, though new, does not meet the high standard required by our actual innocence jurisprudence.

Nevertheless, I would not deny relief. Applicant has not raised a separate false-testimony claim, but I would find that his actual-innocence allegations are adequate to include one.[6] The habeas judge has had no occasion to make findings of fact regarding a false-testimony claim, so I would remand this case to the trial court for further development. I would order a live hearing and ask for findings of fact and conclusions of law regarding whether the complainant's testimony was false and whether that false testimony had a material and prejudicial effect on applicant's trial. There was no discussion of the trial testimony during the habeas hearing, so it is not apparent that the trial court was made aware of the other evidence of applicant's guilt. I would order the habeas judge to make findings and conclusions regarding what affect, if any, the six items of evidence outlined above have on her determinations regarding whether the complainant's trial testimony was false, and, if the complainant's testimony is determined to be false, whether it had a material and prejudicial effect

---

[5] *Id*.

[6] *See Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009).

on the outcome of applicant's trial.

I respectfully dissent.

Filed: September 11, 2013
Do not publish